IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY LEE GLENN,

    Plaintiff,                    No. CIV S-05-2344 FCD DAD P

    vs.

HIGH DESERT STATE PRISON,

    Defendant.                ORDER

_____/

       Plaintiff, a state prisoner confined at High Desert State Prison, has filed a letter with an application to proceed in forma pauperis. Plaintiff states that he has been suffering from a serious mental illness and that his mental health rights have been violated by mental health staff and correctional staff. Plaintiff indicates that he wants to file a lawsuit against the prison. He requests that the court find an attorney to assist him with his lawsuit.

       A civil action is commenced by filing a complaint. Fed. R. Civ. P. 3. The complaint must be accompanied by the filing fee or a properly completed application to proceed in forma pauperis.[1] 28 U.S.C. §§ 1914 and 1915. Plaintiff's letter does not contain all of the required information, and his in forma pauperis application is incomplete.

---

[1] Prisoners who are granted leave to proceed in forma pauperis are obligated to pay the $250.00 filing fee in installments when funds are available in their prison trust accounts.

1

To assist plaintiff with the filing of a complaint, the court will provide plaintiff with an appropriate form. Plaintiff must complete all sections of the form. In particular, plaintiff must identify each staff member he wishes to sue. He must describe the way in which each defendant has violated his rights, and he must specify the relief he is seeking.

The court will also provide plaintiff with a copy of the in forma pauperis application form used in this district. The certificate section of the form must be completed and signed by an authorized officer at plaintiff's institution. The officer must attach a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of this action. See 28 U.S.C. § 1915(a)(2).

District courts lack authority to require an attorney to represent an indigent prisoner in a civil rights action. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, plaintiff has not yet filed a complaint. As a result, the court is unable to determine whether there are exceptional circumstances. Plaintiff's request for appointment of counsel will therefore be denied.

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's November 21, 2005 request for assistance of counsel is denied;

2. Plaintiff is granted thirty days from the date of this order to file a civil rights complaint on the form provided with this order; the complaint must bear the case number assigned to this action;

3. Plaintiff is granted thirty days from the date of this order to file a properly completed application to proceed in forma pauperis on the form provided with this order; the application must bear the case number assigned to this action;

/////

1      4. Plaintiff is cautioned that failure to comply with the requirements of this order
2  may result in a recommendation that this action be dismissed without prejudice; any request for
3  an extension of time to comply with this order must be submitted in a timely manner; and
4      5. The Clerk of the Court is directed to send plaintiff the civil rights complaint
5  form to be used by a prisoner filing a civil rights action and an application to proceed in forma
6  pauperis.
7  DATED: November 29, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
glen2344.noc3c