IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY LEE GLENN,

          Plaintiff,                    No. CIV S-05-2344 FCD DAD P

    vs.

HIGH DESERT STATE PRISON,

          Defendant.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On November 30, 2005, plaintiff was granted thirty days to file a civil rights complaint on the court's form and to file a properly completed application to proceed in forma pauperis.  Plaintiff filed an amended complaint and a second in forma pauperis application on December 30, 2005.  The court found that the second in forma pauperis application was incomplete and granted plaintiff an additional thirty days to file a properly completed application. Plaintiff's third in forma pauperis application, filed on February 2, 2006, makes the showing required by 28 U.S.C. § 1915(a).  This application will be granted.

1

1   Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  See

2   28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $7.60 will be assessed by this

3   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

4   agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

5   Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty

6   percent of the preceding month's income credited to plaintiff's prison trust account.  These

7   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

8   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

9   § 1915(b)(2).

10   The court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

12   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

15   U.S.C. § 1915A(b)(1) and (2).

16   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22   Cir. 1989); Franklin, 745 F.2d at 1227.

23   A complaint, or portion thereof, should only be dismissed for failure to state a

24   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

25   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

26   Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289,

2

1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

In the complaint filed by plaintiff on December 30, 2005, plaintiff sues five doctors and eight correctional officers employed at High Desert State Prison. Plaintiff alleges that there is a grievance procedure at the institution, that he filed a grievance concerning the facts relating to this complaint, and that the grievance process is completed.

Plaintiff's statement of claim against the thirteen defendants is as follows:

> These mental health doctors have denied me mental health care as a retaliation and these c/o's have been a party to retaliation by denying me meals (morning meal). On 4-25-05, mental health staff and c/o's have taken away my blankets, sheets, and mattress, clothes and left me to sleep on a metal bed naked for (11) eleven days! This is cruel and unusual punishment. I am verifiable CCCMS inmate.

(Compl. at 3.) Plaintiff seeks monetary damages in the sum of $5,000.00 from each defendant for violating plaintiff's right to mental health care and for exposing plaintiff to cruel and unusual punishment. (Id.)

The allegations in plaintiff's complaint are conclusory. Plaintiff has not alleged facts concerning the circumstances in which the alleged retaliation occurred and has not described each defendant's role in the denial of mental health care and the infliction of cruel and unusual punishment. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must link each defendant to the alleged violations of the plaintiff's rights, must give each defendant fair notice of the claims against that defendant, and must allege facts that satisfy the required elements of each claim plainly and succinctly. See Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claims. See id. Because plaintiff has failed to comply with this requirement, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

To assist plaintiff in the preparation of an amended complaint, plaintiff is provided with the following legal standards applicable to retaliation claims and claims of cruel and unusual punishment, including denial of mental health care.

To state a claim of retaliation under § 1983, a prisoner must allege facts demonstrating that (1) prison employees retaliated against him for exercising his constitutional rights and (2) the retaliatory action did not advance legitimate goals of the correctional institution

1   or were not narrowly tailored to achieve those goals.  See Rizzo v. Dawson, 778 F.2d 527, 532

2   (9th Cir. 1985).  Plaintiff's allegations must also demonstrate that his protected conduct was a

3   substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy City Board of

4   Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).  Under some circumstances, retaliatory motive may

5   be inferred from the timing and nature of the alleged retaliatory activities.  See Soranno's Gasco,

6   Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989).  However, bare allegations of retaliation

7   are insufficient to avoid summary dismissal of a retaliation claim.  See Rizzo, 778 F.2d at 532

8   n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

9          To state a claim of cruel and unusual punishment, a prisoner must allege facts

10  showing that objectively he suffered a sufficiently serious deprivation and subjectively each of

11  the defendants had a culpable state of mind when they caused or allowed the serious violation to

12  occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99

13  (1991).  In prison-conditions cases, the culpable state of mind that must be shown by the plaintiff

14  is one of deliberate indifference to the plaintiff's needs.  Farmer, 511 U.S. at 834; Wilson, 501

15  U.S. at 299.  Neither accident nor negligence constitutes cruel and unusual punishment.  Whitley

16  v. Albers, 475 U.S. 312, 319 (1986).

17         When a prisoner alleges that prison employees denied safe and humane conditions

18  of confinement, he must allege facts showing that the defendants knew of and disregarded an

19  excessive risk to his health or safety and deliberately subjected him to a substantial risk of

20  serious harm.  Farmer, 511 U.S. at 837.  Plaintiff must be able to show that each defendant was

21  aware of facts from which the inference could be drawn that a substantial risk of serious harm

22  existed and that each defendant drew that inference.  Id.

23         When a prisoner alleges that prison employees denied medical or mental health

24  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

25  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A claim of

26  constitutionally inadequate medical care has two elements:  "the seriousness of the prisoner's

1    medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974

2    F.2d 1050, 1059 (9th Cir. 1992).  A medical need is serious "if the failure to treat the prisoner's

3    condition could result in further significant injury or the 'unnecessary and wanton infliction of

4    pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical

5    need include "the presence of a medical condition that significantly affects an individual's daily

6    activities." Id. at 1059-60.  The prisoner must also allege facts demonstrating that each defendant

7    responded to the serious medical need with deliberate indifference.  Such allegations are required

8    to satisfy the subjective prong of the two-part test applicable to Eighth Amendment claims.

9    Farmer, 511 U.S. at 834.

10            Before it can be said that a prisoner's civil rights have been abridged with regard

11   to medical or mental health care, "the indifference to his medical needs must be substantial.

12   Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

13   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

14   105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

15   "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer,

16   511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  Mere differences of

17   opinion between a prisoner and prison medical staff as to proper medical or mental health care do

18   not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin

19   v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

20            In his amended complaint, the plaintiff in this case must allege facts about each

21   defendant's violation of his rights.  He must show how the defendant's acts resulted in a

22   deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

23   amended complaint must allege in specific terms how each named defendant was involved in the

24   deprivation of rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

25   affirmative link or connection between a defendant's actions and the claimed deprivation.  See

26   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

2   official participation in civil rights violations will not suffice.  See Ivey v. Board of Regents, 673

3   F.2d 266, 268 (9th Cir. 1982).

4          An amended complaint must be complete in itself without reference to prior

5   pleadings.  See Local Rule 15-220.  The amended complaint will supersede the prior pleadings.

6   See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the amended complaint, as if it were the

7   first complaint filed in this action, plaintiff must allege each claim and the involvement of each

8   defendant in accordance with this order.

9          Plaintiff must submit his amended complaint on a § 1983 complaint form.  All

10  sections of the form must be completed.  All defendants must be listed in the caption on the first

11  page.  If there is insufficient room on the first page, plaintiff must first use the space on the form,

12  end with a reference to an attached page, and attach a separate page titled "Names of All

13  Defendants, continued" on which the list is continued.  All defendants, their positions, and their

14  addresses must be listed in the section in which defendants are to be identified.  If there is

15  insufficient room on the form, plaintiff must first use the space on the form, end with a reference

16  to an attached page, and attach a separate page titled "Defendants, continued" on which the

17  defendants' names, positions, and addresses are continued.

18          Plaintiff is required to state the facts of his claims in the section of the form titled

19  "Statement of Claim."  The facts alleged in this section must link each defendant to the claims

20  alleged against him.  Legal arguments and citations should not be included.  If there is

21  insufficient room for the statement of claim on the form, plaintiff must first use the space

22  provided on the form, end with a reference to attached pages, and attach numbered pages on

23  which the statement of claim is continued.  The first attachment page should be titled "Statement

24  of Claim, continued."  References to exhibits may not be substituted for the allegation of facts in

25  plaintiff's statement of claim.  The court will not search through exhibits to discover facts

26  concerning the alleged violations of rights.

1          In reviewing the file, the court finds that on May 30, 2006, plaintiff submitted a

2   civil rights complaint and an application to proceed in forma pauperis.  The complaint bears the

3   case number for this action, and a document attached to the form complaint is titled "Amended

4   Complaint."  The Clerk has filed the pleading in this case as an amended complaint.  Some of the

5   defendants named in plaintiff's December 30, 2005 amended complaint are mentioned, but many

6   are not.[1]  The pleading filed on May 30, 2006, will be disregarded, as will the incomplete and

7   unnecessary in forma pauperis application that accompanied it.  If plaintiff does not wish to

8   proceed against all thirteen defendants identified in the December 30, 2005 complaint, he is free

9   to omit defendants.  Additional claims related to plaintiff's mental health care at High Desert

10  may be included in the amended complaint required by this order, if those claims were exhausted

11  prior to November 15, 2005, when this action was brought.  After plaintiff files the amended

12  complaint, he may not amend his complaint any further without first obtaining permission from

13  the court.

14          The file also contains a motion for appointment of counsel filed on May 30, 2006.

15  The United States Supreme Court has ruled that district courts lack authority to require counsel

16  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

17  296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

18  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but the court cannot require such

19  assistance.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900

20  F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the exceptional

21  circumstances that must be present to request the voluntary assistance of counsel.  Plaintiff's

22  motion will be denied.

23  /////

24  _____

25      [1]  The May 30, 2006 complaint identifies the defendant as "Genne Woodford (3) (4) (5)
    (6) (7) (8) et al. of the CDCR municipality, Department of Corrections an Rehabilitations."
26  Plaintiff is advised that the California Department of Corrections and Rehabilitation is a state
    agency.  It is not a municipality.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's December 30, 2005 complaint, docketed as #8, is dismissed with leave to amend.

2.  Plaintiff's February 2, 2006 application to proceed in forma pauperis, docketed as #13, is granted.

3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.60.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's proposed amended complaint filed May 30, 2006, docketed as #16, and the accompanying in forma pauperis application, docketed as #17, will be disregarded.

5.  Plaintiff's May 30, 2006 motion for appointment of counsel, docketed as #18, is denied.

6.  Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
glen2344.14

9